IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SANTOIN RUSSELL,<br><br>            Plaintiff,<br><br>v.<br><br>C/O CAMPBELL,<br>JOHN DOE 1, and<br>DR. DEEVENEY,<br><br>            Defendants. | Case No. 26-cv-00005-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff Santoin Russell, an inmate of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Menard Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights, federal statutory law, and state law. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

## FILING FEE

    Plaintiff has not paid the full filing fee, and his motion for leave to proceed *in forma pauperis* has been stricken because it was filed unsigned. (Doc. 9). Regardless, because he seeks immediate emergency injunctive relief, the Court will take up the case now. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012). Plaintiff, however, must still meet his obligations with regard to the filing fee. The Court notes that Plaintiff appears to be having

difficulty obtaining and submitting to the Court a copy of his trust fund account statement, and the motion to compel is **GRANTED in part**. (Doc. 6). Plaintiff is given an extension of time to meet the filing fee requirements for this lawsuit. On or before **February 27, 2026**, Plaintiff shall pay the $405.00 filing fee or submit a signed motion for leave to proceed *in forma pauperis* in this action, together with his inmate trust fund account statement for the six-month period prior to the filing date of this case. Failure to comply with this Order will result in dismissal of this action. The Clerk of Court will be directed to mail a copy of this Order and a copy of the certification form to the Trust Fund Officer at Menard Correctional Center.

## THE COMPLAINT

Plaintiff alleges the following: Plaintiff suffers from chronic pain due to nerve damage. (Doc. 1, p. 5). In the past, Plaintiff's nerve pain had been treated with Neurontin (gabapentin). (*Id.* at p. 9). In early July 2025, Plaintiff's prescription for Neurontin expired, and he wrote a grievance concerning the need to have his Neurontin prescription renewed. (*Id.* at p. 7, 9). Because of the grievance, Dr. Deeveny was notified by medical staff that Plaintiff's prescription had expired and that he needed the prescription renewed and refilled. (*Id.* at p. 9). Dr. Deeveny, without an evaluation, chose not to renew Plaintiff's Neurontin prescription. (*Id.*). Dr. Deeveny knew that without Neurontin Plaintiff would continue to suffer severe nerve pain and failed to exercise medical rational or sound reasoning in denying Plaintiff's request to have the Neurontin renewed. (*Id.*).

On August 6, 2025, Plaintiff had a health care pass to be seen by a medical provider for his chronic nerve pain. (Doc. 1, p. 5). When Plaintiff reached the healthcare unit to be checked in for his appointment, Correctional Officer Campbell asked Plaintiff for his I.D. card. (*Id.*). Staff had previously lost Plaintiff's I.D. card, and Campbell was aware that Plaintiff had not been issued a new one. Plaintiff responded that Campbell knew that staff had lost his I.D. card and he, Plaintiff,

needed a new one. (*Id.*). Campbell stated, "that's what I thought guess your missing this pass, go back to your cell better luck next time." (*Id.*). Campbell knew Plaintiff was suffering from nerve damage and severe pain, and he knew Plaintiff by face and name. (*Id.* at p. 6). Campbell, however, denied him access to medical care. (*Id.*). Campbell also could have taken Plaintiff to "B-of-I" to receive a new I.D. card, but instead, he sent Plaintiff back to his cell without receiving treatment. (*Id.* at p. 5).

Around mid-October or early November 2025, Plaintiff was seen by Nurse Practitioner John Doe 1 for an evaluation not related to his nerve damage and associated pain. (Doc. 1, p. 7). During the appointment, Plaintiff informed John Doe 1 that he suffered from severe nerve damage in his face that caused him pain. (*Id.*). Plaintiff told John Doe 1 that he had been taking Neurontin for the pain but that the prescription expired in early July. (*Id.*). Plaintiff asked to have the prescription renewed. (*Id.*). John Doe 1 responded that he had reviewed Plaintiff's medical file and that he was not going to renew the Neurontin prescription. (*Id.*). John Doe 1 said he would put Plaintiff in to see the doctor "about it." (*Id.* at p. 7-8). John Doe "brushed Plaintiff off" and "pawned him on the medical doctor." (*Id.* at p. 8).

As of filing the Complaint on January 5, 2026, Dr. Deeveney still has not renewed his Neurontin prescription. (Doc. 1, p. 10).

## DISCUSSION

Based on the allegations and Plaintiff's articulation of his claims in the Complaint, the Court designates the following count:

> **Count 1:**   Eighth Amendment claim against Campbell, John Doe 1, and Deeveney for deliberate indifference to Plaintiff's nerve damage and associated pain.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

**Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

To state a claim for deliberate indifference, an inmate must put forward facts implicating both an "objective and subjective element, namely that: (1) an objectively serious medical need was deprived; and (2) the official knew that the risk of injury was substantial but nevertheless failed to take reasonable measures to prevent it." See *Chapman v. Keltner*, 241 F.3d 842, 845 (citing *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999)). Deliberate indifference is a high bar. "Neither negligence nor even gross negligence is sufficient basis for liability; rather, liability attaches only if the conduct is intentional or criminally reckless." *Id.* (citing *Salazar v. City of Chi.*, 940 F. 2d 233, 238 (7th Cir. 1991)). Furthermore, when determining whether prison officials have been deliberately indifferent to an inmate's serious medical needs, courts should consider the totality of the received medical care. See *Walker v. Peters*, 233 F.3d 494, 501 (7th Cir. 2000).

Plaintiff has failed to state an Eighth Amendment claim against Correctional Officer Campbell. Plaintiff claims that Campbell prevented him from attending his medical appointment on August 6, 2025. This single isolated incident does not amount to a constitutional violation, as single instances of neglect are generally insufficient to support a claim of Eighth Amendment deliberate indifference. See *Owens v. Duncan*, 788 F. App'x 371, 374 (7th Cir. 2019) (a single interaction with staff at sick call did not amount to deliberate indifference); *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997) ("isolated instances of neglect … cannot support a finding of deliberate indifference"). Count 1 is dismissed against Campbell.

Count 1 will also be dismissed as to Nurse Practitioner John Doe 1. According to the Complaint, Plaintiff was treated by John Doe 1 on a single occasion for a condition unrelated to

---

[1] See *Bell Atlantic Corp.*, 550 U.S. at 570.

his nerve damage and chronic pain. When Plaintiff asked for a Neurontin refill during the appointment, John Doe 1 stated that he would refer Plaintiff to the doctor to discuss the medication. Although Plaintiff wanted John Doe 1 to refill the prescription, John Doe 1's decision to refer Plaintiff to the doctor does not amount to deliberate indifference. *Forbes v. Edgar,* 112 F.3d 262, 266–67 (7th Cir. 1997) (Eighth Amendment does not mandate that providers offer specific treatment or the treatment of Plaintiff's choice); *Berry v. Peterman,* 604 F. 3d 435, 441 (7th Cir. 2010) ("Neither medical malpractice nor mere disagreement with a doctor's medical judgment is enough to prove deliberate indifference in violation of the Eighth Amendment.").

Count 1 will proceed against Dr. Deeveney. For several months, Dr. Deeveney has known that Plaintiff is suffering from severe chronic pain and has not taken any steps to alleviate his pain or ensure prompt treatment.

**MOTION FOR PRELIMINARY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER**

Plaintiff has filed a motion seeking a preliminary injunction and/or temporary restraining order (TRO) directing that his Neurontin medication be renewed and for Defendant Dr. Deeveney or another entity to evaluate him. (Doc. 7). Plaintiff asserts that he still has not been treated by Dr. Deeveney and is without the Neurontin medication. Plaintiff states that he is experiencing extreme pain daily.

To obtain preliminary injunctive relief, whether through a TRO or preliminary injunction, Plaintiff must demonstrate that (1) his underlying case has some likelihood of success; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief. *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) (citations omitted).

Without expressing any opinion on the merits of any of Plaintiff's other claims for relief, the Court concludes that a TRO should not be issued in this matter. The Prison Litigation Reform Act requires that any grant of prospective relief, including TROs, "shall extend no further than

necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs" and cannot issue "unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626. Federal courts must exercise equitable restraint when asked to take over the administration of a prison, something that is best left to correctional officials and their staff. *See Sandin v. Conner*, 515 U.S. 472, 482 (1995); *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). Plaintiff has provided insufficient information regarding his medical care for the Court to issue emergency injunctive relief without a response from Defendant Deeveney. Plaintiff simply asserts that the Neurontin medication is not being renewed by Deeveney, but it is not clear if he has been treated by another medical provider or whether an appointment is scheduled. Plaintiff does not explain why Neurontin has been discontinued and whether he has been given an alternative treatment plan. Accordingly, given the constraints established by the PLRA and the lack of information provided in the motion, the Court will not create and enforce emergency injunctive relief without further briefing and an opportunity for Defendant Deeveney to respond. The request for a TRO is **DENIED**.

The Court finds it concerning, however, that it appears that months have passed since Plaintiff's medication has expired, and he is still experiencing severe pain. Therefore, his request for a preliminary injunction will remain pending until Defendant Deeveney has been served. **Defendant Deeveney is directed respond to the request for a preliminary injunction within 14 days of service of the pleadings in this case, at which point the Court will determine the need for a hearing on the motion requesting a preliminary injunction.**

### DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** shall proceed against Dr. Deeveney and is dismissed without prejudice

as to Correctional Officer Campbell and John Doe 1. The Clerk of Court **SHALL TERMINATE** Campbell and John Doe 1 as parties on the docket, as there are no surviving claims against them.

Because Plaintiff claims involve his medical care, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court is **DIRECTED** to mail a copy of this Order and a copy of the certification form to the Trust Fund Officer at Menard Correctional Center.

The Clerk of Court shall prepare for Dr. Deeveney the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint and this Memorandum and Order to the defendant's place of employment. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his or her last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

The defendant is **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, the defendant only needs to respond to the issues stated in**

this Merit Review Order.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 2, 2026**

                                           *s/Stephen P. McGlynn*
                                           **STEPHEN P. MCGLYNN**
                                           **United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.