IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SANTOIN RUSSELL,

        Plaintiff,

v.

DR. PHILIPPA DEVENNEY,[1]

        Defendant.

Case No. 26-cv-00005-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a Motion for a Preliminary Injunction, a Motion for Reconsideration, and a Motion for Recruitment of Counsel filed by Plaintiff Russell. (Doc. 7, 25, 27). For the following reasons, the motions will be denied.

### BACKGROUND

Plaintiff Santoin Russell, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center (Menard), commenced this civil action on January 5, 2026, pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. (Doc. 1). In the Complaint, Plaintiff alleges that he suffers from chronic pain due to nerve damage and that his nerve pain is effectively managed with the medication Neurontin (gabapentin). In July 2025, his prescription of Neurontin expired. According to Plaintiff, Dr. Devenney was notified that his prescription had expired, but Dr. Devenney, without an evaluation, chose not to renew Plaintiff's Neurontin prescription. As of filing the Complaint, his prescription had still not been renewed, and without Neurontin, Plaintiff asserts that he experiences ongoing severe pain.

---

[1] The Clerk of Court is **DIRECTED** to correct Defendant's name on the docket as follows: Dr. Philippa Devenney (Dr. Deeveney). (Doc. 23).

After initiating this lawsuit, on January 29, 2026, Plaintiff filed a Motion for a Preliminary Injunction and a Temporary Restraining Order, in which he asserts that he is in extreme pain daily and "needs Neurontin to relie[ve] the pain he endure[s]." (Doc. 7, p. 2). He asks the Court to enter an order temporarily restraining Dr. Devenney, renewing the Neurontin prescription, and directing that he be evaluated by another entity.

Pursuant to 28 U.S.C. §1915A, the Court conducted a merits review of the Complaint. In the Merits Review Order, the Court designated a single surviving claim in this case - an Eighth Amendment claim against Dr. Devenney for deliberate indifference to Plaintiff's nerve damage and associated pain. (Doc. 10). The Court denied the request for a temporary restraining order but directed Dr. Devenney to respond to the request for a preliminary injunction. Dr. Devenney has filed her response. (Doc. 23). Plaintiff subsequently filed a motion titled, "Reconsideration for Motion for Temporary Restraining Order and for Extension of Time." (Doc. 25).

### RECONSIDERATION FOR MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR EXTENSION OF TIME

In the motion seeking reconsideration, Plaintiff asserts that he has been retaliated against by various staff members at Menard since filing this lawsuit. (Doc. 25). Specifically, he alleges that in retaliation (1) Correctional Counselor Young placed him on maximum security status; (2) Lieutenant Brand and Sergeant Williamson confiscated all of his pens, papers, and legal materials on March 3, 2026, causing him to go on a hunger strike in response; (3) Mental Health Counselors Taylor and Morris placed him on suicide watch on March 11, 2026; (4) Dr. Devenney prescribed him only a "1/3 of his previous prescription" for Neurontin and refused to issue him a medical permit directing that he be hand-cuffed in front because of a rotator cuff injury; and (5) Ms. Morris kept him in a crisis watch cell even after he was no longer designated as being on suicide watch. He further asserts that he is being housed in filthy cells, his legal mail is being withheld, and he is

being denied hygiene items, paper, and pens. Plaintiff asks that the Court consider this motion as a continuation of his original motion seeking a temporary restraining order, and he seeks a transfer to another facility.

Under Federal Rule of Civil Procedure 54(b), the Court may revise any order adjudicating fewer than all the claims at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider an order under Rule 54(b) are judged largely by the same standards as motions to alter or amend a judgment under Rule 59(e), "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

The Court properly denied Plaintiff's original request for a temporary restraining order seeking a medical evaluation and the renewal of his medication. Other than stating that Dr. Devenney had not renewed his prescription, Plaintiff did not provide any information about the status of his current medical care. (*See* Doc. 10, p. 5-6). Additionally, according to the Complaint, he had previously been seen by a nurse practitioner who determined, after reviewing his medical file, not to refill his prescription. This Court will not mandate specific medical treatment without a clear showing or irreparable harm or the lack of other remedies. (*See* Doc. 1, p. 7-8). Additionally, as stated, Plaintiff's request for specific medical care went far beyond the limits of the PLRA. *See* 18 U.S.C. § 3626(a)(2). Because Plaintiff only asserts new instances of retaliatory conduct in the Motion for Reconsideration, Plaintiff has failed to demonstrate that the Court made an error of fact or law in denying his original request for a temporary restraining order. The request to reconsider is denied.

To the extent Plaintiff is seeking a new temporary restraining order based on the allegations of retaliation, such request is also denied. Injunctive relief is appropriate only if it seeks relief of the same character sought in the underlying suit. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Daniels v. Dumsdorff,* No. 19-cv-00394-NJR, 2019 WL 3322344 at *1 (S.D. Ill., July 24, 2019). In this suit, Plaintiff is proceeding on a single Eighth Amendment claim against Dr. Devenney for deliberate indifference to his chronic pain caused by nerve damage. The Court will consider Plaintiff's assertions that Dr. Devenney's recent prescription is still not adequately treating his pain in addressing his pending request for a preliminary injunction, but the remaining allegations pertaining to treatment of his asthma, rotator cuff, infringement with his access to the courts, ongoing retaliation, and unconstitutional conditions of confinement are outside the scope of this lawsuit. If Plaintiff wishes to pursue emergency injunctive relief for these unrelated claims, he should file a separate case under 42 U.S.C. § 1983 after exhausting available administrative remedies. The Court states no opinion on the merits of any such claims. Accordingly, the Motion for Reconsideration is denied. (Doc. 25).

### MOTION FOR PRELIMINARY INJUNCTION

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright, Arthur R Miller, & Mary Kay Kane, Federal Practice and Procedure §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). In order to obtain a preliminary injunction, the plaintiff has the burden of demonstrating:

- a reasonable likelihood of success on the merits;
- no adequate remedy at law; and
- irreparable harm absent the injunction.

Page 4 of 9

*Planned Parenthood v. Comm'r of Ind. State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012). All three requirements must be satisfied before the Court can consider whether preliminary injunctive relief is warranted. Plaintiff has not met this high burden.

First, Plaintiff has not demonstrated that he is likely to succeed on the merits of his Eighth Amendment deliberate indifference claim. In order to prevail on a claim of deliberate indifference, Plaintiff must show that his condition was "objectively, sufficiently serious" and that the "prison officials acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005) (citations and quotation marks omitted). Assuming that Plaintiff's nerve damage and associated pain amount to an objectively serious medical condition, Plaintiff has not presented evidence to substantiate his claim that Dr. Devenney was aware of and consciously disregarded his serious medical needs. While Plaintiff is not required to "show that [he] definitely will win the case…a mere possibility of success is not enough," and he must make "[a] strong showing that [he] is likely to succeed on the merits." *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). A "strong showing" includes a "demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). Relying on his allegations in the Complaint is not sufficient. In assessing whether a request for emergency injunctive relief has adequately demonstrated a reasonable likelihood of success on the merits, the Court does not simply "accept [Plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the Court must assess the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

Plaintiff assertions against Dr. Devenney are imprecise. In the Complaint, he asserts that sometime between July 5 through August 6, 2025, Dr. Devenney was "notified by multiple

Page 5 of 9

unnamed medical staff, per response to Plaintiff's [single] grievance to have Plaintiff evaluated and or renewed," but Dr. Devenney chose not to see Plaintiff for a medical evaluation and not to renew his prescription for Neurontin. (Doc. 1, p. 9). In the Motion for Preliminary Injunction, however, he claims that Dr. Devenney was notified about his untreated pain at an unspecified time through the grievance process after he wrote "grievances" that his Neurontin prescription needed "evaluated and/or renewed." (Doc. 7, p. 1). It is not clear from these facts exactly what details were included in the grievance or grievances, whether the grievance or grievances sufficiently informed Dr. Devenney of Plaintiff's problem, when Dr. Devenney was informed that Plaintiff needed a refill of his prescription and was experiencing ongoing pain, and what Dr. Devenney's role was in the grievance process. Additionally, he does not provide copies of his grievance or grievances or responses to support his assertion that Dr. Devenney had knowledge of his untreated pain through the grievance process.

Assuming Dr. Devenney was made aware of Plaintiff's medical issues sometime in July 2025, as stated in the Complaint, according to Plaintiff, he was scheduled for an appointment with a medical provider for his chronic pain a few weeks later, on August 6, 2025. Although the appointment was ultimately canceled, it was not because of conduct on the part of Dr. Devenney. Plaintiff asserts that he was prevented from seeing a medical provider because he was unable to present his identification card to security staff prior to the appointment.[2] Plaintiff states he then had an appointment with a nurse practitioner sometime in mid-October or early November, and it was at this appointment that the nurse practitioner decided not to renew the Neurontin prescription after reviewing Plaintiff's medical file. (*Id.* at p. 7). Plaintiff disagreed with the nurse practitioner's decision, and so, the nurse practitioner stated that he would refer Plaintiff to see "the doctor." (*Id.*

---

[2] Plaintiff asserts that it was "staff," who had previously lost and failed to replace his identification card. (Doc. 1, p. 5).

at p. 7-8). Assuming Dr. Devenney was initially notified that Plaintiff's prescription had expired sometime in July 2025, there is nothing demonstrating that Dr. Devenney was then further made aware that Plaintiff's August appointment was canceled, that the nurse practitioner subsequently refused to renew Plaintiff's medication, and that Plaintiff continued to experience ongoing pain. As Dr Devenney points out, she did not treat Plaintiff in person during the time frame alleged in the Complaint. Plaintiff provides no indication how he plans to demonstrate that Dr. Devenney knew of and acted with total unconcern for his welfare in the face of serious risk. Thus, he has not demonstrated a likelihood of success on the merits of his claim against her.

Second, Plaintiff has not demonstrated that he is likely to suffer irreparable injury without the Court's involvement. According to the parties, Plaintiff had a recent appointment with Dr. Devenney on March 11, 2026. (Doc. 23, p. 2; Doc. 25, p. 2).[3] Plaintiff argues that during this appointment Dr. Devenney "only gave back 1/3 of his previous prescription leaving [him] in major pain and discomfort." (*Id.* at p. 3). He believes Dr. Devenney acted in "bad faith" because she knows he is suing her. (*Id.*). Although Plaintiff is dissatisfied with his care being provided by Dr. Devenney, there is no evidence that he has requested and been denied a follow-up appointment now that the new dosage of Neurontin is proving ineffective. He therefore has not demonstrated that an "irreparable injury is *likely* in the absence of an injunction." *Mays v. Dart,* 974 F. 3d 810, 822 (7th Cir. 2020).

Because Plaintiff has failed to show a likelihood of success on the merits of his Eighth Amendment claim against Dr. Devenney and irreparable harm will occur without Court intervention, he has not made a clear showing that a preliminary injunction is warranted. The Motion for a Preliminary Injunction is denied. (Doc. 7).

---

[3] The Court notes the lack of evidentiary support in the briefings. Neither party points to any medical records or affidavits in making their arguments.

**MOTION FOR RECRUITMENT OF COUNSEL**

Plaintiff has filed a motion asking the Court to recruit counsel on his behalf. (Doc. 27). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two-part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

At this point, the motion is denied. In an attempt to find an attorney on his own, Plaintiff provides the names of four lawyers he has contacted without success. (Doc. 27, p. 2). He also states that his family has placed calls to attorneys. The Court, however, cannot determine whether Plaintiff has made sufficient efforts to find a lawyer based on this limited information. Thus, Plaintiff has failed to meet his threshold burden of demonstrating attempts to recruit counsel on his own, prior to seeking assistance from the Court.

The Court also finds that Plaintiff is capable of representing himself, at least for now. Plaintiff argues that he is unable to proceed pro se because the case involves complex medical issues, he has no civil litigation experience, and he is seriously mentally ill. This case, however, is in the very early stages. Defendant Devenney has recently filed her answer to the Complaint and raised failure to exhaust as an affirmative defense. The Court, therefore, will enter an Initial Discovery and Scheduling Order staying merits discovery and giving Plaintiff specific instructions for how to produce initial disclosures and respond to a motion for summary judgment on the issue of exhaustion. Plaintiff states that he has the assistance of other inmates, and based on his previous filing, he will be able to respond to the issue of whether he properly utilized the administrative grievance process prior to initiating this lawsuit. Whether Plaintiff exhausted is usually a straight-forward argument that does not require the need for counsel or extensive legal research. The issue

of exhaustion hinges on facts available to Plaintiff, specifically, if and when he filed grievances and appeals for his claim. For these reasons, the complexity of this case has not exceeded Plaintiff's abilities.

Once discovery on the merits has commenced, if Plaintiff has significant difficulty, he may refile his motion. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to include additional information about his efforts to find a lawyer, such as when he contacted each firm and supporting documentation, such as the letters from the attorneys who declined representation or copies of his payment vouchers for postage.

To the extent Plaintiff encounters difficulties acquiring paper, pens, or other materials needed to respond to discovery or file documents in this case, the Court will grant extensions to deadlines as needed.

### DISPOSITION

For the reasons stated above, the Motion for Reconsideration is **DENIED**. (Doc. 25). The Motion for a Preliminary Injunction is **DENIED**. (Doc. 7). The Motion for Recruitment of Counsel is **DENIED**. (Doc. 27).

**IT IS SO ORDERED.**

**DATED: April 7, 2026**

 _s/Stephen P. McGlynn_____
**STEPHEN P. MCGLYNN**
**United States District Judge**