**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**SANTOIN RUSSELL,**

**Plaintiff,**

**v.**

**DR. PHILIPPA DEVENNEY,**

**Defendant.**

**Case No. 26-cv-00005-SPM**

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a second motion seeking a preliminary injunction filed by Plaintiff Santoin Russell. (Doc. 46). For the following reasons, the motion is **DENIED**.

In the motion, Plaintiff asserts that on March 13, 2026, Defendant Dr. Devenney evaluated him and prescribed him Neurontin pain medication. (Doc. 46, p. 2). On September 10, 2026, the medication expired, and he has not been issued a refill. (*Id.*). He also claims that his inhaler prescription has not been renewed, and without his inhaler, he could die. (*Id.*). Plaintiff asks the Court to intervene and instruct the health care unit and Dr. Devenney to renew his inhaler and Neurontin prescriptions. (*Id.* at p. 3).

Again, Plaintiff has failed to satisfy the elements necessary to obtain a preliminary injunction. Notably, Plaintiff has not demonstrated that he is likely to succeed on the merits of his Eighth Amendment claim against Dr. Devenney for deliberate indifference to his nerve damage and associated pain. Plaintiff was previously instructed that in order to show a reasonable likelihood of success on the merits of his claim for the purposes of obtaining preliminary injunctive relief, he must make "[a] strong showing that [he] is likely to succeed on the merits." (Doc. 29, p. 5) (quoting *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020)). The Court

explained that a "strong showing" includes a "demonstration of how the applicant proposes to prove the key elements of its case," and he cannot simply rely on his allegations in the Complaint. (*Id.*) (quoting *Illinois Republican Party*, 973 F.3d at 763).

In the recent motion, Plaintiff does not explain how he plans to establish that Dr. Devenney acted with total unconcern for his welfare regarding his pain medication. He does not provide any more information regarding how and when Dr. Devenney initially knew he was in need of a refill of his Neurontin prescription around July or August 2025, and that Dr. Devenney was further made aware that his medication was not renewed by a nurse practitioner in October 2025, and he continued to experience ongoing pain – which is what he alleges in the Complaint. (*See* Doc. 29, p. 5-7). Plaintiff only adds new allegations that Dr. Devenney recently allowed his pain medication prescription to lapse and that she should have known the prescription was going to expire because of this pending lawsuit, she is the one to have issued the prescription in the first place, and he has submitted a grievance. (Doc. 46, p. 2). The filing of this lawsuit in 2025 is not evidence that Dr. Devenney was aware that his prescription expired in September 2026. Plaintiff does describe what exactly was in the grievance, and he has not alleged that Dr. Devenney reviews the grievances. Furthermore, failing to remember and automatically renew Plaintiff's Neurontin prescription, without more, does not establish deliberate indifference. *See Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) ("Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk."). Because Plaintiff does not articulate what evidence he plans to present to demonstrate that Dr. Devenney knew about and consciously disregarded a risk to his health, he has not met the burden of showing that he has a likelihood of succeeding on the merits of his Eighth Amendment claim for deliberate indifference to his nerve damage and associated pain. *See Illinois Republican Party*, 973 F.3d at 762. The request for a preliminary injunction ordering the renewal of the Neurontin pain medication is **DENIED**.

To the extent Dr. Devenney has not renewed Plaintiff's inhaler prescription, this allegation is unrelated to this lawsuit, which only concerns inadequate treatment of Plaintiff's nerve damage and associate pain. (*See* Doc. 10). Injunctive relief is only appropriate if it addresses a matter presented in the underlying suit and seeks relief of the same character sought in the underlying action. *See, e.g.,Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (stating that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); *Daniels v. Dumsdorff*, No. 19-CV-00394-NJR, 2019 WL 3322344, at *1 (S.D. Ill. July 24, 2019). A motion for preliminary injunction is not the appropriate avenue to add claims. *See Bird v. Barr*, No. 19-CV-1581 (KBJ), 2020 WL 4219784, at *2 (D.D.C. July 23, 2020) (a court "only possesses the power to afford preliminary injunctive relief that is related to the claims at issue in the litigation"). Thus, the request for a preliminary injunction concerning the refill of Plaintiff's inhaler prescription is also **DENIED**.

**IT IS SO ORDERED.**

**DATED: October 6, 2026**

**STEPHEN P. MCGLYNN**
**United States District Judge**